PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILROAD COMPANY v. JESSUP, ET AL.

[No. 10,193. Filed January 28, 1920.]

WATERS AND WATERCOURSES. — *Railroads.* — *Obstructing Flow by Bridge.*—*Liability.*—A railroad which, by partially filling open trestle approaches to its bridge over a natural watercourse, and raising its embankments, obstructs the natural flow of the waters, is liable to an adjoining landowner for damage to his land caused by flood water thereby cast thereon.

From Parke Circuit Court; *Henry Daniels,* Judge.

Action by Bruce Jessup and another, against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*D. P. Williams, Albert D. Thomas, Andrew N. Foley, Nina Lindley, Elwood Hunt, Parke Daniels* and *David Strouse,* for appellant.

*Maxwell & McFaddin* and *Edward H. Knight,* for appellees.

DAUSMAN, J.—The appellees instituted this action against the appellant to recover damages alleged to have resulted from appellant's negligence. Verdict and judgment for the appellees in the sum of $1,800.

It appears from the record that the appellees are the owners of a tract of land located in the valley of Big Racoon Creek. Big Racoon Creek is a natural watercourse of considerable capacity and empties into the Wabash river at Armiesburg. The regular channel at the place involved in this action is about 160 feet wide. The bottom lands extend from the low-water channel to the hills on either side, forming a

valley of more than a mile in width. The stream
ordinarily flowing within its banks consists of a large
volume of water, but at times it becomes swollen,
rapid and turbulent, and carries large quantities of
logs, stumps and other debris; and at such times
overflows the low-water channel and spreads out over
the valley. At a place near appellees' land the appel-
lant has maintained for more than ten years a rail-
road bridge over said stream, with approaches, about
eleven feet high at the bridge, gradually diminishing
in height and extending from the bridge a distance
of about one mile on either side thereof. As orig-
inally constructed, these elevated approaches, on
which appellant's track is laid, consisted mainly of
open trestle work. In the year 1910 appellant filled
up a portion of the trestlework, about seventy-five
feet long and eight feet high, with earth, stone and
other substances, making a solid embankment with
the exception of a three-foot tile which it placed
therein. In the year 1913 appellant increased the
height of said approaches by placing thereon dirt,
gravel, cinders and other substances. In 1915 appel-
lant constructed in the low-water channel of the
stream solid masonry to the width of three feet across
the south abutment, thereby diminishing the space
between the abutments. Appellant has also permitted
a large number of piling to remain in the channel
under the bridge, extending about three feet above
low-water mark and obstructing the passage of water
under the bridge. By reason of heavy and continuous
rains in March, June and July, 1913, great volumes
of water came down said watercourse with great
velocity, and large quantities of trees, logs, stumps,
brush, and other debris accumulated under and about
the bridge. The obstructions so placed and con-

structed in said watercourse by appellant interfered with the natural course and movement of the waters in such manner that it cut into appellees' land, made great holes therein, washed away the soil, and deposited debris thereon.

The questions presented by this appeal are the identical questions of law which have been settled by the decisions in the following cases, viz.: *New York, etc., R. Co.* v. *Hamlet Hay Co.* (1898), 149 Ind. 344, 47 N. E. 1060, 49 N. E. 269; *Evansville, etc., R. Co.* v. *Scott* (1918), 67 Ind. App. 121, 114 N. E. 649.

On the authority of those cases, the judgment is affirmed.